KITCHENS, Justice,
Dissenting:
¶36. Because I cannot embrace this case’s extension of our well-established hearsay exceptions, I respectfully dissent from today’s decision.
¶ 37. “The hearsay rule and its exceptions effect a delicate balance between the twin towering goals of the trial process: truth and fairness.” Hall v. State, 539 So.2d 1338, 1346 (Miss.1989). All exceptions to the general prohibition against hearsay, no matter their foundations, strain against the goal of fairness. The application of a hearsay exception in a criminal case, by its very nature, is a state-sanctioned abrogation of the right to confrontation guaranteed by the Sixth Amendment and Article 3, Section 26, of the Mississippi Constitution. See Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Therefore, whenever this Court condones hearsay, we ought to do so with the highest possible degree of care and thoughtfulness.
¶ 38. I do not suggest that today’s majority is proceeding otherwise. To the contrary, the majority reaches its conclusion only after a thoughtful analysis, supported by careful legal reasoning and persuasive authority from a diverse sample of jurisdictions.
¶ 39. Still, I cannot concur with its conclusion. By holding that Mississippi Rule of Evidence 803(4) permits a witness to testify to hearsay statements attributed to a child, delivered to the witness by a parent, the majority has added a new link to the hearsay chain that the courts of this state must accept and apply. If the reliability of hearsay evidence, as the eminent Chief Justice John Marshall wrote nearly two centuries ago, by its very nature suffers an “intrinsic weakness,” Queen v. Hepburn, 11 U.S. 290, 296, 3 L.Ed. 348, 7 Cranch 290 (1813), then the brand of secondhand hearsay permitted by today’s decision is afflicted by even less reliability than traditional hearsay. Indeed, given that none of our heretofore-recognized hearsay exceptions appears to contemplate secondhand hearsay, see Mississippi Rule of Evidence 803(1-25), today’s decision introduces to Mississippi’s jurisprudence the least reliable testimony permitted by the Rules of Evidence.
¶ 40. I understand that Rule 803(4) is written in broad language that does not explicitly limit its scope to statements uttered by a medical patient. But Rule 803(4)’s attention to “medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof’ clearly implies that this hearsay exception sets its limits at statements imparted by the person experiencing the described symptoms, pain, or sensations. Therefore, I would hold that the learned trial judge committed reversible error when he permitted Nurse Sharp to testify to statements supposedly uttered by the child but conveyed to the nurse by the mother.
¶ 41. Moreover, the record in this case makes clear that the majority need not stretch Rule 803(4) as far as it does. The Rules of Evidence, as they were generally understood before today’s decision, forbade neither the nurse (through the medical-diagnosis exception) nor the mother (through Rule 803(25)’s tender-years exception) from testifying to statements *1088 made by the child.[4] Furthermore, they did not forbid the nurse from testifying to the observations she made during her examination, because such evidence clearly is not a statement and therefore is not hearsay. See Miss. R. Evid. 801. Accordingly, the State’s case would not have suffered from the absence of the testimony in question.
¶ 42. Instead, today’s decision visits suffering upon the state and federal right to confrontation. Therefore, I dissent.
CHANDLER, J., JOINS THIS OPINION.

. This is so despite the U.S. Supreme Court’s holding in Crawford, 541 U.S. 36, 124 S.Ct. 1354, because the child testified at trial. Had she not done so, the admission of this evidence would have violated the defendant’s right to confront his accuser, as Justice Sca-lia’s majority opinion in Crawford makes clear.